UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES  
GENERAL

JS-6

| | |
|---|---|
| Case No. 8:22-cv-01426-JWH-DFM | Date November 28, 2022 |
| Title *Anika Smart v. Jaguar Land Rover North America, LLC, et al.* | |

Present: The Honorable **JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE**

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF No. 8] (IN CHAMBERS)**

Before the Court is the Motion of Plaintiff Anika Smart to remand the instant action to state court.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **GRANTED**, for the reasons set forth herein.

## I. BACKGROUND

Smart filed her operative complaint in state court in June 2022,[3] asserting claims against Defendant Jaguar Land Rover North America for breach of express warranties and breach of implied warranties.[4] Jaguar removed the action in

---

[1] Pl.'s Motion to Remand (the "Motion") [ECF No. 8-1].

[2] The Court considered the following papers: (1) Compl. (the "Complaint") [ECF No. 1-1]; (2) the Motion (including its attachments); (3) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 9]; and (4) Def.'s Reply in Supp. of the Motion [ECF No. 11].

[3] Unless otherwise indicated, all dates are in 2022.

[4] *See* Complaint.

August,[5] and Smart filed the instant Motion later that month. In September, the Court directed the parties to conduct jurisdictional discovery and to provide supplemental briefing regarding Smart's Motion.[6]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction

---

[5] *See* Notice of Removal [ECF No. 1].

[6] *See* Order re Jurisdictional Disc. & Suppl. Br. [ECF No. 14].

must be resolved in favor of remand. *See id.* ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

### III.   DISCUSSION

Smart moves to remand the action due to Jaguar's failure to prove "compliance with the procedural requirements for removal."[7] The procedural requirements include the 30-day time limit for removal:

> The notice of removal of a civil action or proceeding ***shall be filed within 30 days after the receipt by the defendant***, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added). Here, Smart filed her state court claim on June 24,[8] and Jaguar received notice on July 1.[9] Based upon Jaguar's filings and attachments in its notice of removal, there is no indication that Jaguar filed its removal within the 30-day deadline.[10] "A failure to remove a case when first filed results in a loss of the right to remove later unless it is determined that it was not then removable." *Goldberg v. CPC Int'l, Inc.*, 495 F. Supp. 233, 236–37 (N.D. Cal. 1980); *see also* Phillips & Stevenson, Rutter Group Prac. Guide, Federal Civ. Pro. Before Trial (The Rutter Group 2022) ¶ 2:3168 ("Defendant waives the right to remove by failure to file a notice of removal within the 30-day limit of [28 U.S.C.] § 1446(b) or the one-year limit in diversity cases.") (citations omitted).

Additionally, public records show that Jaguar was served on July 1 at 1:50 p.m.[11] Although not filed by Jaguar in its notice of removal, the Court may

---

[7]   Motion 5:14-18.

[8]   *Id.* at 2:21-23.

[9]   Opposition 2:7-9.

[10]   Although Jaguar stated that it received notice of Smart's lawsuit "on or about" July 1, 2022, Jaguar did not include proof of service within its notice of removal, and neither party has made any filing to contradict Jaguar having notice of the state court action by July 1, 2022.

[11]   *See* Proof of Service of Summons, Orange County Superior Court Case No. 30-2022-01266665-CU-BC-WJC [ROA #10].

judicially notice facts that are not subject to reasonable dispute because they are generally known within the Court's territorial jurisdiction or because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Furthermore, "[t]he Court may take judicial notice *sua sponte*, and must take notice if a party requests it and if the Court is supplied with the necessary information. *Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1115 (S.D. Cal. 2018). Here, the Court finds from public filings that Jaguar was served notice of Smart's state court action on July 1, but that Jaguar failed to remove the action within the 30-day requirement of 28 U.S.C. § 1446(b). Accordingly, it is appropriate for this Court to remand this action.[12]

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.   Smart's Motion is **GRANTED**.

2.   This case is **REMANDED** to Orange County Superior Court.

3.   The hearing on Smart's Motion, currently set for December 2, 2022, at 9:00 a.m., is **VACATED**.

4.   The parties' pending Stipulation to continue the hearing on Smart's Motion to December 16, 2022, is **DENIED as moot**.

**IT IS SO ORDERED.**

---

[12]   Although parties disputed whether Smart's action met the amount in controversy requirement for diversity jurisdiction, the Court finds it unnecessary to resolve this dispute given the procedural defect in Jaguar's removal.